Chief Judge Fuld
(dissenting). Following an anonymous telephone call to the police station that a young man — who *345 later turned out to be the 18-year-old defendant — was standing on a certain street corner and that he was armed, a detective conducted an immediate search of the defendant’s person and found a loaded revolver inside the lining of his jacket. The officer admitted that there was no bulge or other indication that the boy had a gun or that he was acting in a suspicious manner and, as the court itself acknowledges (opinion, p. 337), the detective had no 1 ‘ reasonable grounds ’ ’ for conducting a search or making an arrest. In the light of what I regard as settled constitutional doctrine, I see no justification for the determination below upholding the search and admitting the weapon into evidence.
The police would undoubtedly have been derelict in their duty had they ignored the ’phone call but the duty to investigate does not authorize, in the first instance, a full-blown search of the suspect. The Fourth Amendment, guaranteeing “protection of privacy ” (Warden v. Hayden, 387 U. S. 294, 304; see Camara v. Municipal Ct., 387 U. S. 523, 528), means nothing if anyone may be searched at any time simply on the strength of an anonymous telephone call — made, perhaps, out of mischief or spite — denouncing him to the police as being unlawfully armed. A proper way to respond to such a communication would be to stop and question the suspect (see People v. Rivera, 14 N Y 2d 441, 451-452 [dissenting opn.], cert. den. 379 U. S. 978), rather than to act as if probable cause for believing the unknown informer had already been established.
Contrary to the position taken by the majority, the record before us does not support a finding that only an immediate search of the defendant’s person could insure against or prevent serious harm or imminent danger. Accordingly, there is no basis for considering at this time the application of the maxim, necessitas facit licitum quad alias non est licitum, to searches and seizures. (Cf. Warden v. Hayden, 387 U. S. 294, supra.) Such considerations will be relevant when we are called upon to review cases involving bomb threats and the like.
Nor is it an answer that the search actually uncovered a gun and that the defendant merits punishment for its possession. The constitutional prohibition against an unreasonable search extends to both the criminal and the respected member of *346 society and, unfortunate though it may be, the only effective way to prevent unauthorized searches that uncover no weapons is to invalidate those which do, (See Mapp v. Ohio, 367 U. S. 643.) The possibility of abuse looms top large to permit the police to search any person or any dwelling fpr weapons merely, on an anonymous tip. True, we might all he more secure from the criminal elements in our society hut the loss of liberty eutailed in sanctioning such a search is too high a price to pay for the small measure of added security it promises, The Constitution guarantees freedom from invasions of privacy except on probable cause. We should not depart from that standard.
The judgment .should be reversed and the motion to suppress granted.
Judges Burke, Scileppi, Bergan and Keating concur with Judge Breitel; Judge Van Voorhis concurs in a separate opinion; Chief Judge Fuld dissents and votes to reverse in an opinion.
Judgment affirmed.